IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH KEN WILLIAMS,<br><br>            Plaintiff,<br><br>      vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>            Defendants. | CIV. NO. 08-00547 SOM-KSC<br><br>ORDER OF DISMISSAL |

### ORDER OF DISMISSAL

On December 4, 2008, pro se Plaintiff Joseph Ken Williams ("Plaintiff"), a prisoner incarcerated at Halawa Correctional Facility in Aiea, Hawaii, filed a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983, as well as an application to proceed *in forma pauperis*. Plaintiff names the United States of America, the State of Hawaii, former President William McKinley, Robert Wilcox, former Governor of the State of Hawaii Sanford Dole, the White House and the Office of the Governor for the State of Hawaii as Defendants. Plaintiff seeks compensatory damages in the form of cash, gold, and property including a hotel in Las Vegas. For the following reasons, Plaintiff's Complaint and action are DISMISSED.

### LEGAL STANDARD

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28

U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.*; 28 U.S.C. § 1915A(b)(1), (2).

The court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt.  *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001); *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). "Unless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

## DISCUSSION

Plaintiff's Complaint is not a model of clarity and is nearly incomprehensible.  Although Plaintiff sets forth three grounds for relief, each count is composed of nonsensical rambling, save for one or two comprehensible sentences.  For this reason, Plaintiff's Complaint is subject to dismissal.

Giving Plaintiff the benefit of every doubt and very liberally interpreting the Complaint, to the court concludes that Plaintiff is attempting to challenge the lawfulness of the

overthrow of the Kingdom of Hawaii in 1893 and Hawaii's admission to the Union in 1959.  These claims, however, present nonjusticiable political questions.  Thus, to the extent Plaintiff makes these claims, his Complaint is dismissed for lack of jurisdiction.

    **A.**    **Plaintiff's Complaint Fails to State a Claim Under 42 U.S.C. § 1983.**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff fails to identify any right secured by the Constitution or law of the United States that was violated by any Defendant acting under color of state law.  In short, Plaintiff has failed to allege any violation of his civil rights.  Plaintiff's Complaint, therefore, fails to state a cognizable claim under § 1983.  Plaintiff's Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915A.

    **B.**    **Plaintiff's Complaint Fails to Comply with Rule 8 of the Federal Rules of Civil Procedure.**

Rule 8 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that averments 'be simple, concise and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(e)(1)). Simply put, "[a]ll that is required [by Fed. R. Civ. P. 8(a)] is that the complaint gives 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996) (quoting *Datagate, Inc. v. Hewlett-Packard Co.*, 941 F.2d 864, 870 (9th Cir. 1991)).

The court is aware of its duty to construe the pleadings of a pro se plaintiff liberally. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). This rule of liberal construction is particularly important in civil rights cases. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court is not permitted to "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

The court is unable to discern the underlying facts of Plaintiff's claims sufficiently to even liberally construe any

claim as identifying a constitutional violation, or more importantly, indicating that any named Defendant, three of whom are deceased, is responsible for such a violation.  Plaintiff's Complaint consists entirely of incoherent sentences, without providing sufficient specific facts for the court, or Defendants, to have notice of who did what to Plaintiff, and how any of Defendants' actions allegedly violated the Constitution or any law.  As Plaintiff fails to allege sufficient facts to state a claim against any Defendant, his claims are DISMISSED.

**C.   Plaintiff Presents Nonjusticiable Political Questions.**

As noted, giving Plaintiff the benefit of every doubt and very liberally interpreting the Complaint, the court reads the Complaint as challenging the legality of the overthrow of the Kingdom of Hawaii in 1893 and Hawaii's admission to the Union in 1959.  To the extent Plaintiff makes these claims, he presents nonjusticiable political questions.

"Federal courts are courts of limited jurisdiction." *Kahawaiolaa v. Norton*, 222 F. Supp. 2d 1213, 1218 (D. Haw. 2002).  If a case presents a political question, the federal court lacks subject matter jurisdiction to decide that question.  *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 981 (9th Cir. 2007); *see also Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208 (1974) ("[T]he concept of justiciability, which expresses the jurisdictional limitations imposed upon federal courts by the

5

'case or controversy' requirement of Art. III, embodies ... the political question doctrine [ ]."). The landmark case of *Baker v. Carr* developed the political question doctrine. *Baker*, 369 U.S. 186 (1962). *Baker* outlined six independent tests for determining whether courts should defer to the political branches on an issue:

> Prominent on the surface of any case held to involve a political question is found [1] a textually demonstrable constitutional commitment of the issue to a coordinate political department; or [2] a lack of judicially discoverable and manageable standards for resolving it; or [3] the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; or [4] the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government; or [5] an unusual need for unquestioning adherence to a political decision already made; or [6] the potentiality of embarrassment from multifarious pronouncements by various departments on one question.

*Id.* at 217.

Plaintiff's claims raise nonjusticiable political questions because they involve matters that have been constitutionally committed to Congress. Under Article IV, Section 3 of the Constitution, "[n]ew States may be admitted by the Congress into this Union[.]" U.S. Const. art. IV, § 3. By an act of Congress, Hawaii was admitted to the Union in 1959. This court, therefore, lacks jurisdiction to decide any issue regarding the legality of Hawaii's statehood including the lawfulness of events leading to statehood. Thus, as to

Plaintiff's claim challenging the lawfulness of the overthrow of the Kingdom of Hawaii in 1893, the Intermediate Court of Appeals for the State of Hawaii aptly stated, "Whatever may be said regarding the lawfulness of the Provisional Government in 1893, the Republic of Hawaii in 1894, and the Territory of Hawaii in 1898, the State of Hawaii . . . is now, a lawful government." *State v. Fergerstrom*, 106 Hawai'i 43, 55, 101 P.3d 652, 664 (Haw. App. 2004).

Adjudication of Plaintiff's claims would essentially place this court in the shoes of Congress.  Thus, this court lacks jurisdiction over said claims.  Accordingly, Plaintiff's claims are DISMISSED.

### CONCLUSION

Plaintiff's pleading fails to set forth allegations from which the court can find that any Defendant deprived him of a protected right.  In addition, Plaintiff fails to allege sufficient facts to state a claim against any Defendant pursuant to Rule 8 of the Fed. R. Civ. P.   Plaintiff's claims are, therefore, **DISMISSED** for failure to state a claim.  *See* 28 U.S.C. § 1915A.

Although the court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt, this court is unable to determine how any amendment to this pleading could be anything but futile.  The court concludes

that Plaintiff's apparent challenges to the legality of the overthrow of the Kingdom of Hawaii in 1893 and Hawaii's admission to the Union in 1959 are nonjusticiable political questions. Accordingly, Plaintiff's claims are **DISMISSED** for lack of jurisdiction.  Leave to amend is not granted.  All pending motions before the court are **DENIED**.  The Clerk of Court is **DIRECTED** to enter Judgment and close this action.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, December 15, 2008.



    /s/ Susan Oki Mollway
    Susan Oki Mollway
    United States District Judge

*Williams v. U.S., et al.*, Civ. No. 08-00547 SOM; ORDER OF DISMISSAL; prose attorneys\Screening Orders\hmg\2008\williams 08-547 SOM